IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KY II REALTORS and KEVIN YOUNG, § § | | |
| Plaintiffs, § § | | |
| v. § § | | Civil Action No. 3:08-CV-1135-K |
| DIPS PEST CONTROL SERVICE, BERTRAM RODGERS, and TUDOR INSURANCE COMPANY, § § § § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Tudor Insurance Company's Motion for Summary Judgment (doc. 14). For the following reasons, the Court **GRANTS** the motion.

I.  **Factual and Procedural Background**

In November 2004, Defendants DIPS Pest Control Services and Bertram Rogers ("DIPS" and "Rogers", respectively) performed an exterior and interior pest inspection of a commercial property and provided reports on the same. In January 2005, Plaintiffs KY II Realtors and Kevin Young (collectively "Plaintiffs") purchased the commercial property. After the purchase, Plaintiffs discovered significant structural problems in the building structure which were present at the time of DIPS and Rogers' inspection, but were not disclosed. Plaintiffs thereafter sued DIPS and Rogers in March 2006, alleging breach of contract and DTPA violations.

Defendant Tudor Insurance Company ("Tudor") issued a commercial liability policy to DIPS. Tudor informed DIPS and Rogers in June 2006 it would defend them against the suit under a reservation of rights. Plaintiffs added Tudor as a defendant in January 2008, asserting additional causes of action for violations of Chapter 1951.312 of the Texas Insurance Code and Rule 7.123 of the Texas Administrative Code. In May 2008, Plaintiffs entered into a settlement agreement with DIPS and Rogers in which Plaintiffs accepted assignment of any claims DIPS and Rogers have or may have against Tudor for a full release of DIPS and Rogers. No other consideration was exchanged. On June 8, 2008, DIPS and Rogers filed a cross-claim against Tudor, asserting claims for violations of Chapter 1951.312 of the Texas Insurance Code and Rule 7.123 of the Texas Administrative Code, as well as DTPA violations. On June 13, 2008, the state district court dismissed DIPS and Rogers with prejudice. With the non-diverse defendants dismissed, Tudor removed the case to this Court in July 2008.

II.     **Standard of Review**

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show the existence of a

genuine fact issue for trial; but, the nonmovant may not rest upon allegations in the pleadings to make such a showing. *Id.* at 321-25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57(1986). The nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantiated assertions." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Neither merely colorable evidence nor a mere scintilla of evidence can defeat a motion for summary judgment. *Anderson*, 477 U.S. at 249-52. All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

### III.  Applicable Law

The claims Plaintiffs assert against Tudor, by virtue of the assignment in the settlement, are DTPA violations, and violations of Chapter 1951.312 of the Texas Insurance Code and Rule 7.123 of the Texas Administrative Code.

The Court first notes that Plaintiffs mistakenly reference Chapter 1951.312 of the Texas Insurance Code; in actuality, it is section 1951.312 of the Texas Occupations Code. Furthermore, they assert a cause of action against Tudor for violations of Rule 7.123 of the Texas Administrative Code. Tudor notes in its motion that no such rule exists; indeed, the Court can find no such rule, and Plaintiffs offer no clarification in their responsive briefing. Accordingly, the Court will not address this asserted cause of action.

Tudor offers three grounds as support for granting its motion for summary judgment on all claims: (1) section 1951.312 of the Texas Occupations Code does not provide any rights for Plaintiffs to sue Tudor on the assigned rights; (2) the liability policy contains "no action" language which precludes any recovery against Tudor in this situation entirely; and (3) Plaintiffs cannot assert any damages.

### A. Cause of Action under Section 1951.312

Plaintiffs claim Tudor violated section 1951.312 of the Texas Occupations Code by selling DIPS and Rogers an insurance policy that failed to meet the statutory standards. Tudor argues that the language of section 1951.312 does not provide for such a cause of action regardless of whether DIPS and Rogers assigned this claim to Plaintiffs.

The Court agrees with Tudor. The language of section 1951.312 is as follows:

> (a) <u>The department may not issue or renew a structural pest control business license until the license applicant</u>:
> (1) files with the department a policy or contract of insurance, approved as sufficient by the department . . . insuring the applicant against liability for damage to persons or property occurring as a result of operations performed in the course of the business of structural pest control on premises or any other property under the applicant's care, custody, or control; . . .
> (b) A structural pest control business license holder shall at all times maintain the insurance policy or contract . . . in the amount approved by the department. <u>Failure to renew the policy or contract or maintain it or the security in the required amount is a ground for suspension or revocation of the license and a violation of this section</u>.

TEX. OCC. CODE ANN. § 1951.312 (Vernon 2009) (emphasis added). The language is clear in that it relates to the requirements for issuance of a structural pest control

business license and nothing more.  This section clearly references the duty of the applicant/license holder, which in this case is DIPS.  *See id.*  The language of section 1951.312 does not place any burden on the insurance carrier.  *See id.*  Plaintiffs' allegations do not place any action of Tudor into the scope of this section.  Therefore, no such cause of action based on section 1951.312 can be maintained by Plaintiffs against Tudor.  Accordingly, summary judgment is appropriate for this claim.

    **B.**    **Language of Insurance Policy**

Tudor also argues summary judgment is appropriate because the commercial liability policy it issued to DIPS contains a "no action" clause which precludes recovery against it for the settlement between Plaintiffs and DIPS and Rogers.

Tudor was defending DIPS in the underlying state court lawsuit under a reservation of rights according to the terms of the commercial liability insurance policy. Plaintiffs ultimately settled their claims with DIPS and Rogers, releasing them from all liability, but not Tudor.  Plaintiffs accepted assignment of any and all of DIPS' and Rogers' claims and potential claims against Tudor.

The liability policy Tudor issued to DIPS contains the following provision:

> 3. Legal Action Against Us
>
> No person or organization has a right under this Coverage Part:
>
> a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

> b. To sue us on this Coverage Part unless all of its terms have been fully complied with.
>
> <u>A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured *obtained after an actual trial*</u>; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance.  <u>An agreed settlement means a settlement and release of liability *signed by us*, the insured and the claimant or the claimant's legal representative</u>.

(Def.'s App. at 41).

The summary judgment evidence establishes (1) a trial did not result on Plaintiffs' claims against DIPS and Rogers and (2) Tudor did not agree to or sign the settlement. The language of this clause is clear in that a party could seek recovery from Tudor on a settlement provided an actual trial occurred prior to the settlement and the settlement was signed by Tudor. *See id.*  Neither occurred in this case. *See Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969) (third party's right to bring cause of action against insurer did not accrue until he secured either a judgment from an actual trial or written agreement of the insured, the claimant and the insurer).

Plaintiffs do not argue the policy contains this "no action" language.  Instead, Plaintiffs contend Tudor has "dirty hands".  Plaintiffs argue Tudor was present at the settlement negotiations and agreed to and approved its terms.  In support of its proposition, Plaintiffs offer the affidavit of Kevin Young, the named individual Plaintiff and owner of Plaintiff KY II Realtors.  In his affidavit, Mr. Young swears to alleged representations made to him relating to Tudor's approval of and participation in the

settlement, as well as the effect of accepting assignment of DIPS' and Rogers' claims against Tudor. This affidavit purports to represent to the Court privileged communications made during settlement discussions, and therefore cannot be considered competent summary judgment evidence. *See* TEX. CIV. PRAC. & REM. CODE § 154.073(a) (Vernon 2009) ("communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure . . . is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.").

Accordingly, the Court concludes summary judgment is appropriate on all Plaintiffs' claims because the policy's "no action" clause. *See also Gulf Ins. Co. v. Clarke*, 902 S.W.2d 156, 158 (Tex. App.–Houston [1st Dist.] 1995) (well-established that when policy contains "no action" clause, third party's claims against insurer do not accrue until he obtains an agreed judgment or secures a judgment against the insured).

Tudor also claims summary judgment is appropriate because Plaintiffs can assert no damages against Tudor because DIPS and Rogers had no damages to assign Plaintiffs in the settlement. Because the Court concludes summary judgment on all Plaintiffs' claims is appropriate for the foregoing reasons, the Court need not address this argument.

## IV.   Conclusion

The Court concludes summary judgment is appropriate on all of Plaintiffs' claims against Tudor because: (1) section 1951.312 of the Texas Occupations Code does not

provide Plaintiffs a cause of action against Tudor; and (2) the "no action" clause of the liability policy completely precludes any recovery. Plaintiffs claims are hereby **dismissed with prejudice**.

     **SO ORDERED**.

     Signed June 1st, 2009.

                                        _____
                                        ED KINKEADE
                                        UNITED STATES DISTRICT JUDGE